IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO: 1:15CR445 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE CHRISTOPHER A. BOYKO |
| -vs- | : | |
| | : | **DEFENDANT TAMELA LEE'S** |
| TAMELA LEE, | : | **SUPPLEMENTAL TRIAL BRIEF** |
| | : | |
| Defendant. | : | |

Defendant Tamela Lee, through counsel, respectfully submits this supplemental Trial Brief in response to the arguments raised in government's Trial Brief. (Doc. 103, Govt. Br.). Responses to the contents of the government's Trial Brief follow in the attached memorandum.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

*/s//Timothy Ivey*_____
TIMOTHY IVEY
Assistant Federal Public Defender
Ohio Bar: 0039246
DARIN THOMPSON
Assistant Federal Public Defender
Ohio Bar: 0067093
CLAIRE C. CURTIS
Attorney at Law
Ohio Bar: 0082335
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856; Fax: (216) 522-4321
darin_thompson@fd.org; timothy_ivey@fd.org;
claire_curtis@fd.org

Counsel for Tamela Lee

1

**BRIEF**

I.  **Tamela Lee's Own Out-of-Court Statements Are Admissible.**

Ms. Lee was recorded both through wiretaps and in public spaces. The government intends to introduce many of those statements under Fed. R. Evid. 802(d)(2) as statements of a party opponent. (Doc. 103, Govt. Br., Page ID 622). While the government is correct that the same exception does not apply to allow Ms. Lee to admit her own statements, Ms. Lee's statements are still admissible.

Ms. Lee's statements are not hearsay. "A statement is only hearsay if it is offered to prove the truth of the matter asserted in the statement." *United States v. Kilpatrick*, 798 F.3d 365, 386 (6th Cir. 2015) (citing Fed. R. Evid. 801(c)). Ms. Lee's statements presented by the defense will not be offered to prove the truth of the matter asserted. Instead, her statements will be offered only to establish her state of mind at the time she was speaking, including the intent behind her words. Such statements are admissible under the exception for then-existing mental, emotional, or physical condition under Fed. R. Evid. 803(3). *See United States v. Branham*, 97 F.3d 835, 851 (6th Cir. 1996) (relevant conversations between defendant and informant offered in support of entrapment defense admissible non-hearsay evidence).

The rule allows admission of hearsay statements, regardless of whether the declarant is available as a witness, to establish "the declarant's then-existing state of mind (such as motive, intent, or plan). . ." but not including statements of memory or belief to prove the fact remembered or believed. Fed. R. Evid. 803(3). The Sixth Circuit has upheld the admission of such statements where they were not offered for their truth and established the declarant's "state of mind and her concern over whether or not she was receiving accurate information." *United States v. Churn*, 800 F.3d 768, 776 (6th Cir. 2015). It is worth noting that the government relies on this same reasoning to seek admission of co-conspirator's statements. (Doc. 103, Govt. Br.,

2

Page ID 624). The exception applies with equal force for both parties.

Many of Ms. Lee's recorded statements will establish her state of mind in communicating with her co-defendants and others, specifically her intent at the time of the statements. The Sixth Circuit acknowledges statements offered to show knowledge or intent are not hearsay. *United States v. Johnson*, 71 F.3d 539, 543 (6th Cir. 1995). Therefore, Ms. Lee respectfully moves this Court to allow the defense to admit her out-of-court statements as needed for their case-in-chief.

Moreover, Ms. Lee may ultimately testify in her own defense at trial. Under Fed. R. Evid. 801(d)(1)(B), a declarant's prior statements are not hearsay if the declarant testifies and is subject to cross-examination, as long as the statement is consistent with the declarant's testimony. The prior consistent statement must also be offered to either rebut a charge that the defendant acted from a recent improper influence or motive in so testifying or to rehabilitate the declarant's credibility. Fed. R. Evid. 801(d)(1)(B). The Sixth Circuit held, "The plain meaning of Rule 801(d)(1)(B). . . allows prior consistent statements only to 'rebut' a charge of improper motive and influence, and recent fabrication." *United States v. Wells*, 623 F.3d 332, 345 (6th Cir. 2010). Ms. Lee should be allowed to use her own statements for that permissible purpose if she chooses to testify at trial.

## II. The Statements of Co-Conspirators Are Not Admissible Absent the *Enright* Finding.

While the government seeks broad acceptance by this Court of the out-of-court statements of co-conspirators, the law requires more. (Doc. 103, Govt. Br., Page ID 622). Federal Rule of Evidence 801(d)(2)(E) does generally provide that statements by co-conspirators in furtherance of the conspiracy are admissible non-hearsay. However, under *United States v. Wilson*, 168 F.3d 916, 920 (6th Cir. 1999), this Court cannot admit such statements unless and until three factors are established: "1) that the conspiracy existed; 2) that the defendant was a member of the conspiracy; and 3) that the co-conspirator's statements were made in furtherance of the

3

conspiracy." *Id.* (citing *United States v. Monus*, 128 F.3d 376, 392 (6th Cir. 1997). This three-part test is often referred to as the *Enright* finding. *Id. See United States v. Enright*, 579 F.2d 980 (6th Cir. 1978).

Statements of the co-conspirators may be considered by the district court when inquiring into the existence of a conspiracy. *Id.* (citing *Bourjaily v. United States*, 483 U.S. 171, 176 (1987)). However, those statements alone, absent corroborating evidence, are not sufficient to satisfy the *Enright* finding. *Id.* This Court must also consider "the circumstances surrounding the statement, such as the identity of the speaker and the context in which the statement was made," in evaluating whether a conspiracy existed. *United States v. Robinson*, 656 Fed. App'x 145, 148 (6th Cir. 2016).

The statements of Ms. Lee's alleged co-conspirators can only be admitted by this Court after satisfaction of the three-part test articulated above. Therefore, this Court should reject the government's request for a broad ruling as to admissibility. Rather, such statements should be deemed inadmissible unless or until the *Enright* finding is satisfied by the government.

### III. Ms. Lee Should Be Allowed to Introduce Evidence of Lawfulness or Non-Corrupt Conduct on Rebuttal.

The government argues in its Trial Brief that this Court should exclude all evidence of Ms. Lee's "lawfulness and non-corrupt conduct, except for reputation or opinion evidence offered by character witnesses" under Fed. R. Evid. 405(a). (Doc. 103, Govt. Br., Page ID 625). But where the government opens to the door by arguing Ms. Lee's bad character, she is entitled to present evidence of good character as rebuttal evidence. An attack on character during cross opens the door to rehabilitative redirect. *United States v. Lochmondy*, 890 F.2d 817, 822 (6th Cir. 1989). Therefore, this Court need not and should not grant the government's broad request. Rather, this Court should wait to see whether the government raises the issue of Ms. Lee's character, opening the door to such rebuttal evidence.

4

**IV.    This Court Should Not Submit the Indictment to the Jury.**

Whether to submit the indictment to the jury is a discretionary decision for this Court. *United States v. Lawrence*, 535 F.3d 434, 441 (6th Cir. 2008). If the indictment is submitted, it should be accompanied by a limiting instruction "to the effect that the indictment is not to be considered as evidence of the guilt of the accused." *Id.* But a limiting instruction would be insufficient in this case based on the level of detailed factual allegations contained in the indictment.

Here, the government's forty-five page indictment against Ms. Lee includes pages upon pages of excerpts from recorded conversations. (Doc. 1, Indictment). Those excerpts are presented without context and as support for the overt acts charged in each count. Particularly because this case is complex, jurors are likely to rely too heavily on the alleged facts and evidentiary excerpts provided in the indictment. That would prevent jurors from relying on their own perceptions about weight of all of the evidence and what it supports. Therefore, the indictment should not be submitted to the jury. Rather, the charges and related statutory language should be read.

**V.    This Court Should Withhold a Ruling on the Admissibility of Summary Exhibits Until Their Contents Are Disclosed.**

The government asks this Court to preemptively rule that its summary exhibits are admissible without providing either this Court or Ms. Lee with those exhibits. (Doc. 103, Govt. Br., Page ID 632). While the use of summary exhibits is generally permissible, admissibility turns on whether the summaries are accurate reflections of the evidence and not intentionally framed to color their contents or prejudice the defendant. Therefore, this Court should inquire as to their contents before any rulings as to their admissibility for trial.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender

5

Ohio Bar: 0051928

*/s//Timothy Ivey*_____
TIMOTHY IVEY
Assistant Federal Public Defender
Ohio Bar: 0039246
DARIN THOMPSON
Assistant Federal Public Defender
Ohio Bar: 0067093
CLAIRE C. CURTIS
Attorney at Law
Ohio Bar: 0082335
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856; Fax: (216) 522-4321
darin_thompson@fd.org; timothy_ivey@fd.org;
claire_curtis@fd.org

Counsel for Tamela Lee

CERTIFICATE OF SERVICE

I hereby certify that on this February 1, 2017, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

*/s/Timothy C. Ivey*
TIMOTHY C. IVEY
Assistant Federal Public Defender
